IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KELLY B.,

    *Plaintiff,*

vs.

ANDREW SAUL, Commissioner of Social Security,

    *Defendant.*

Case No. 19-1169-EFM

**MEMORANDUM AND ORDER**

Plaintiff seeks review of a final decision by Defendant, the Commissioner of Social Security ("Commissioner"), denying his application for disability and disability insurance benefits under Title II and supplemental security income benefits under Title XVI of the Social Security Act. Plaintiff alleges that the Administrative Law Judge ("ALJ") erred by discounting Plaintiff's allegations that supported a more restrictive residual functioning capacity ("RFC"). Having reviewed the record, and as described below, the Court concludes that Defendant Commissioner's findings are supported by substantial evidence and affirms the order of the Commissioner.

**I.    Factual and Procedural Background**

Plaintiff was born in 1967. In July 2015, he applied for disability and disability insurance benefits. He also applied for supplemental security income alleging a disability. In both

applications, he alleged that his disability began on February 7, 2013. His application was denied initially and upon reconsideration. Plaintiff then asked for a hearing before an ALJ.

ALJ Edward Evans conducted an administrative hearing on January 3, 2018. Plaintiff was represented by an attorney and testified about his medical conditions. A vocational expert also appeared at the hearing.

On May 23, 2018, the ALJ issued his written decision, finding that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. He determined that Plaintiff had the following severe impairments: degenerative disc disease with radiculopathy, history of compression fracture, and peripheral neuropathy. The ALJ then found that Plaintiff's impairments did not meet or equal the severity of one of the listed impairments in 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926. Continuing, he determined that Plaintiff had the RFC to

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) in the claimant can lift/carry/push/pull 20 pounds occasionally and 10 pounds frequently. The claimant can stand/walk 6 hours in an 8-hour workday and sit 6 hours in an 8-hour workday. The claimant may shift position briefly between sitting and stand as frequently as every half hour without loss of productivity. The claimant may occasionally reach overhead bilaterally. The claimant may occasionally stoop, kneel, crouch, crawl, twist at the trunk, balance, and climb ramps and stairs. The claimant may not climb ladders, ropes, or scaffolds. The claimant should avoid concentrated exposure to cold temperatures and weather, vibration, and hazards (e.g. dangerous machinery and unprotected heights). The claimant requires hearing protection in environments with more than moderate noise. The claimant can understand, remember, and execute simple instructions consistent with unskilled work, and can maintain concentration, persistence, and pace in doing so.

The ALJ determined that Plaintiff was unable to perform any past relevant work. After considering Plaintiff's age, education, work experience, and RFC, he determined that there were jobs existing in significant numbers in the national economy that Plaintiff was capable of

performing. Thus, the ALJ concluded that Plaintiff had not been under a disability from February 7, 2013, through the date of his decision.

Given the unfavorable result, Plaintiff requested reconsideration of the ALJ's decision from the Appeals Council. The Appeals Council denied Plaintiff's request on April 22, 2019. Accordingly, the ALJ's May 2018 decision became the final decision of the Commissioner.

Plaintiff filed a complaint in the United States District Court for the District of Kansas. He seeks reversal of the ALJ's decision and remand to the Commissioner for a new administrative hearing. Because Plaintiff has exhausted all administrative remedies available, this Court has jurisdiction to review the decision.

## II.     Legal Standard

Judicial review under 42 U.S.C. § 405(g) is limited to whether Defendant's decision is supported by substantial evidence in the record as a whole and whether Defendant applied the correct legal standards.[1] The Tenth Circuit has defined "substantial evidence" as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[2] In the course of its review, the Court may not re-weigh the evidence or substitute its judgment for that of Defendant.[3]

---

[1] *See Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015).

[2] *White v. Barnhart*, 287 F.3d 903, 905 (10th Cir. 2001) (quoting *Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994)).

[3] *Id.*

Under the Social Security Act, "disability" means the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment."[4] An individual

> shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.[5]

Pursuant to the Act, the Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled.[6] The steps are designed to be followed in order. If it is determined, at any step of the evaluation process, that the claimant is or is not disabled, further evaluation under a subsequent step is unnecessary.[7]

The first three steps of the sequential evaluation require the Commissioner to assess: (1) whether the claimant has engaged in substantial gainful activity since the onset of the alleged disability, (2) whether the claimant has a severe, or combination of severe, impairments, and (3) whether the severity of those impairments meets or equals a designated list of impairments.[8] If the impairment does not meet or equal one of these designated impairments, the Commissioner

---

[4] 42 U.S.C. §§ 423(d)(1)(A), 416(i)(1)(a).

[5] *Id*. § 423(d)(2)(A).

[6] *Wilson v. Astrue*, 602 F.3d 1136, 1139 (10th Cir. 2010); *see also* 20 C.F.R. §§ 404.1520(a), 416.920(a).

[7] *Barkley v. Astrue*, 2010 WL 3001753, at *2 (D. Kan. 2010).

[8] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citations omitted); *see also Barkley*, 2010 WL 3001753, at *2 (citing *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988)).

must then determine the claimant's RFC, which is the claimant's ability "to do physical and mental work activities on a sustained basis despite limitations from his impairments."[9]

Upon assessing the claimant's RFC, the Commissioner moves on to steps four and five, which require the Commissioner to determine whether the claimant can either perform his past relevant work or whether he can generally perform other work that exists in the national economy, respectively.[10] The claimant bears the burden in steps one through four to prove a disability that prevents performance of his past relevant work.[11] The burden then shifts to the Commissioner at step five to show that, despite the claimant's alleged impairments, the claimant could perform other work in the national economy.[12]

### III.   Analysis

Plaintiff's only challenge is that the ALJ erred in his RFC assessment by discounting Plaintiff's allegations because they supported a more restrictive RFC. Specifically, Plaintiff asserts that the ALJ did not address Plaintiff's allegations of limited mobility and limited standing and should have addressed Plaintiff's credibility in further detail.

"The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)."[13] The RFC assessment, however, "does not require

---

[9] *Barkley*, 2010 WL 3001753, at *2 (citing 20 C.F.R. § 416.920(e)); *see also* 20 C.F.R. §§ 404.1520(e), 404.1545.

[10] *Barkley*, 2010 WL 3001753, at *2 (citing *Williams*, 844 F.2d at 751).

[11] *Lax*, 489 F.3d at 1084.

[12] *Id*.

[13] Soc. Sec. Rul. 96-8p, 1996 WL 374184, at *7 (Soc. Sec. Admin. July 2, 1996); *see also Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014) (citation omitted).

citation to a medical opinion, or even to medical *evidence* in the administrative record for each RFC limitation assessed."[14] The assessment must be sufficiently articulated to provide for meaningful review.[15]

In addition, an ALJ's credibility determinations are generally treated as binding on review.[16] "Credibility determinations are peculiarly the province of the finder of fact" and will not be overturned when supported by substantial evidence.[17] The Court cannot displace the ALJ's choice between two fairly conflicting views even though the Court may have justifiably made a different choice.[18] However, notwithstanding the deference generally given to an ALJ's credibility determination, " 'findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings.' "[19]

In this case, the ALJ reviewed the evidence and concluded that Plaintiff's statements concerning the intensity, persistence and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence of record. The ALJ determined that the medical records warranted some work restrictions, specifically some postural and environmental restrictions, but otherwise Plaintiff was capable of performing a range of light unskilled work.

---

[14] *Teneyck v. Astrue*, 2012 WL 1901285, at *8 (D. Kan. 2012) (citation omitted).

[15] *Spicer v. Barnhart*, 64 F. App'x 173, 177-78 (10th Cir. 2003).

[16] *Talley v. Sullivan*, 908 F.2d 585, 587 (10th Cir. 1990).

[17] *Wilson*, 602 F.3d at 1144 (citation omitted); *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005) (citation omitted).

[18] *Oldham v. Astrue*, 509 F.3d 1254, 1257-58 (10th Cir. 2007).

[19] *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (quoting *Huston v. Bowen*, 838 F.2d 1125, 1133 (10th Cir. 1995)).

Here, it appears as though the ALJ considered Plaintiff's allegations of limited mobility. Specifically, the ALJ's RFC allowed Plaintiff to shift positions between standing and sitting as frequently as every half hour.  In addition, the RFC limited Plaintiff to occasionally stooping, kneeling, crouching, crawling, twisting at the trunk, balancing, and climbing ramps and stairs. Thus, it appears that the ALJ took into account Plaintiff's limited mobility.

Furthermore, although Plaintiff testified that he used a cane, there is no medical evidence that the use of the cane was required.  In any event, the ALJ included this limitation in one of the hypotheticals he posed to the vocational expert ("VE").  The VE stated that this limitation only minimally impacted the available jobs for Plaintiff.  Specifically, the VE stated that 80 to 85 percent of light exertion jobs, amounting to approximately 160,000 to 170,000 national positions, remained available to Plaintiff with the additional restriction of the use of a cane.  Thus, even with an additional limitation of a cane, significant jobs still existed for Plaintiff to perform. Accordingly, the ALJ's ultimate conclusion that Plaintiff could perform work would stand.

To the extent Plaintiff complains that the ALJ discounted his credibility regarding his standing limitations by not further restricting his RFC, the Court finds no error in the ALJ's determination.  The ALJ noted the medical evidence of record and the physician's opinions on Plaintiff's work restrictions.  Notably, there is no medical evidence of record or a physician's opinion limiting Plaintiff's ability to stand.

Plaintiff asserts that it is more important to ensure the ALJ's analysis is proper because the ALJ did not find any of the medical opinions in the record persuasive.  The ALJ's RFC, however, is more restrictive than any of the medical evidence.  None of the physician's opinions stated that Plaintiff had persistent walking or standing limitations or that Plaintiff needed to change positions frequently.  Thus, the ALJ credited some of Plaintiff's testimony regarding Plaintiff's limitations

and incorporated that into the RFC.  Accordingly, there is no evidence supporting an even more restrictive RFC and the ALJ did not err.

In sum, the ALJ is the finder of fact and cited to the evidence in making his finding that Plaintiff's statements were not entirely consistent with the medical evidence and other evidence of record.  Based on a review of the record, the Court determines that the ALJ sufficiently articulated reasons supporting the RFC determination.  As stated above, the Court will not reweigh the evidence or substitute its own judgment for that of the ALJ.[20]

**IT IS THEREFORE ORDERED** that the decision of the Commissioner is **AFFIRMED**.

**IT IS SO ORDERED**.

Dated this 10th day of June, 2020.

This case is closed.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[20] *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (citing *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991)).